# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2032
Lower Tribunal No. 14-3576

_____

**Joseph Scott,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Joseph Scott, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before SUAREZ, LAGOA, and FERNANDEZ, JJ.

SUAREZ, J.

By petition for writ of habeas corpus Joseph Scott seeks a new trial, or a new

evidentiary hearing on his 2016 petition filed pursuant to Florida Rule of Criminal

Procedure 3.850, or alternatively, a new appeal from his original judgment and sentence. We deny the writ.

Scott was originally convicted and sentenced in May 2014. Scott's first post-conviction motion was granted, and he was resentenced accordingly. He filed a second Motion for Post-Conviction Relief on October 13, 2016, claiming ineffective assistance of his counsel when he took the original May 2014 plea. The trial court denied the petition as it was filed two years, four months, and two weeks after the judgment and sentence were filed, beyond the two-year time limit set forth in Rule 3.850. He has now filed a third post-conviction petition styled as a petition for habeas corpus, alleging the same previously raised claims of ineffective assistance of counsel. Habeas corpus may not be used to file successive 3.850 motions or to raise issues which would be untimely if considered as a motion for postconviction relief under rule 3.850. See Baker v. State, 878 So. 2d 1236, 1245-46 (Fla. 2004).

We therefore deny the petition as successive and untimely filed.